IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: WILTON ARMETALE, INC. aka WAPITA, INC., <br>     Debtor | : Chapter 7 <br> : Case No. 16-16779-REF |
| ARTESANIAS HACIENDA REAL S.A. de C.V., <br>     Plaintiff <br> vs. <br> NORTH MILL CAPITAL LLC and <br> LEISAWITZ HELLER, <br>     Defendants | : <br> : Adversary No. 17-197-JKF |

## NOTICE OF APPEAL

**Part 1: Identify the appellant(s)**

1. *Name of appellant:* Artesanias Hacienda Real S.A. de C.V.

2. *Position of appellant in the adversary proceeding or bankruptcy case that is the subject of this appeal:* Plaintiff in the adversary proceeding

**Part 2: Identify the subject of this appeal**

1. *Describe the judgment, order, or decree appealed from:*

Plaintiff appeals the Order [Dkt. 40, copy attached as Exhibit 1 hereto] and related Opinion [Dkt. 39, copy attached as Exhibit 2 hereto] and each and every provision thereof -- including (without limitation) that each of the respective claims in the adversary proceeding constitutes a "core proceeding"; that plaintiff lacks standing; that the Chapter 7 Trustee is the sole proper party in interest; and as to dismissal of the adversary proceeding.

2. *State the date on which the judgment, order, or decree was entered:*

The Order [Dkt. 40] and the Opinion [Dkt.39] were both entered on December 7, 2018.

1

**Part 3: Identify the other parties to the appeal**

*List the name of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys:*

1. Plaintiff/appellant: Artesanias Hacienda Real S.A. de C.V.

    Attorney for plaintiff/appellant:
        BARRY L. GOLDIN, ESQ.
        3744 Barrington Drive,
        Allentown, PA  18104-1759
        Tell: 610-336-6680
        Email: barrygoldin@earthlink.net

2. Defendant/appellee: North Mill Capital LLC

    Attorneys for defendant/appellee North Mill Capital, LLC

        SAM P. ISRAEL, ESQ.
        TIMOTHY L. FOSTER
        180 Maiden Lane, 6th Floor,
        New York, New York, 10038
        Tel: 646-787-9880
        Email: samisrael@spi-pc.com
                timfoster@spi-pc.com

        JACK M. SEITZ, ESQ.
        ZACHARY J. COHEN, ESQ.
        Lesavoy Butz & Seitz LLC
        1620 Pond Road, #200,  Allentown, PA  18104
        Tel: 610-530-2700
        Email: jseitz@lesasvoybutz.com
                zcohen@lesavoybutz.com

3. Defendant/appellee: Leisawitz Heller

    Attorneys for defendant/appellee Leisawitz Heller

        JEFFERY B. MCARRON, ESQ.
        KATHLEEN M. CARSON
        Swartz Campbell, LLC
        50 S. 16th Street, 28th Floor
        Philadelphia, PA  19102
        Tel: 215-564-5190
        Email: jmccarron@wartzcampbell.com
                kcarson@swartzcampbell.com

Attachments to this Notice of Appeal:

    Exhibit 1 – Order appealed from entered December 7, 2018 [Dkt. 40]

    Exhibit 2 – Opinion appealed from entered December 7, 2018 [Dkt. 39]

Respectfully Submitted

Date: December 18, 2018    /s/Barry L. Goldin
                                     BARRY L. GOLDIN, ESQ.
                                     3744 Barrington Drive, Allentown, PA  18104-1759
                                     Tel: 610-336-6680  Fax: 610-336-6678
                                     Email: barrygoldin@earthlink.net
                                     *Attorney for Plaintiff/Appellant Artesanias Hacienda Real S.A. de C.V.*

HAC81210.1NAPP

# EXHIBIT 1

Case 17-00197-jkf    Doc 43    Filed 12/18/18    Entered 12/18/18 14:57:19    Desc Main
Document    Page 4 of 17

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re** : | **Chapter 7** |
| **WILTON ARMETALE, INC.,** a/k/a **WAPITA, INC.,** : | |
| **Debtor** : | **Case No. 16-16779 (JKF)** |
| ARTESANIAS HACIENDA REAL S.A. de C.V.: | |
| **Plaintiff** : | |
| **v.** : | |
| **NORTH MILL CAPITAL LLC and LEISAWITZ HELLER,** : | |
| **Defendants** : | **Adversary No. 17-197** |

## ORDER

**AND NOW**, this 6th day of December, 2018, upon consideration of the parties' arguments on the question of whether the Plaintiff has standing to prosecute the claims raised in this adversary proceeding, and after a full review of the record, and for the reasons set forth in the preceding Opinion,

It is hereby **ORDERED** that the Court finds that the Plaintiff lacks standing and that the Chapter 7 Trustee is the proper party in interest; and it is

**ORDERED** that the adversary proceeding is **DISMISSED**.

BY THE COURT

*[signature]*

**THE HONORABLE JEAN K. FITZSIMON**
**United States Bankruptcy Judge**

Copies to:

*Plaintiff's Counsel – Served Electronically*
Barry L. Goldin, Esquire
3744 Barrington Drive
Allentown, PA 18104

*North Mill's Counsel – Served via Regular Mail*
Timothy L. Foster, Esquire
SAM P. ISRAEL, P.C.
180 Maiden Lane
6th Floor
New York, NY 10038

*Leisawitz Heller's Counsel – Served Electronically*
Jeffrey B. McCarron, Esquire
SWARTZ, CAMPBELL, LLC
Two Liberty Place
50 South 16th Street
28th Floor
Philadelphia, PA 19102

*Chapter 7 Trustee's Counsel – Served via Regular Mail*
Gary F. Seitz, Esquire
GELLERT SCALI BUSENKELL & BROWN LLC
8 Penn Center
1628 JFK Blvd
Suite 1901
Philadelphia, PA 19103

*United States Trustee – Served via Regular Mail*
George M. Conway, Esquire
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | **Chapter 7** |
| **WILTON ARMETALE, INC.**, a/k/a **WAPITA, INC.**, | : | |
| **Debtor** | : | **Case No. 16-16779 (JKF)** |
| ARTESANIAS HACIENDA REAL S.A. de C.V. | : | |
| **Plaintiff** | : | |
| v. | : | |
| **NORTH MILL CAPITAL LLC** and **LEISAWITZ HELLER**, | : | |
| **Defendants** | : | **Adversary No. 17-197** |

## OPINION

To be decided by the Court is the issue of whether the Plaintiff has standing to sue on these claims. Oral argument on the question was held on October 23, 2018, after which the Court took the matter under advisement. For the reasons which follow, the Court finds that the Plaintiff lacks standing to sue on these claims and that, as a result, the First Amended Complaint must be dismissed.[1]

---

[1] Because this matter involves a matter concerning the administration of the estate, or a proceeding affecting the liquidation of the assets of the estate, it is within this Court's core jurisdiction. See 28 U.S.C. § 157(b)(2)(A), (O).

### *Standing and Subject Matter Jurisdiction*

For the litigant seeking to sue in federal court, standing has been described as the "irreducible constitutional minimum." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992). Because of its jurisdictional nature, a motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1)[2]. Ballentine v. United States, 486 F.3d 806, 810 (3d Cir.2007). Such a motion may present either a facial or factual challenge to the Court's subject matter jurisdiction and/or standing to hear a case. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). "In reviewing a facial attack, the Court must only consider the allegations in the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) quoting Gould Electrics, Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). On the other hand, a factual challenge to standing attaches no presumption of truthfulness "to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Here, the question of whether the Plaintiff has standing cannot be determined solely from a review of the complaint. The factual context requires the Court to look beyond the pleading. The most pertinent circumstance is the Debtor's decision to file for Chapter 7 bankruptcy protection one month after the complaint was filed. That event created a bankruptcy estate which included causes of action which the Debtor has

---

[2] Made applicable to adversary proceedings by B.R. 7012(b).

2

against third parties. The bankruptcy trustee is required to liquidate such claims along with tangible property for the benefit of creditors. 11 U.S.C. § 704(a)(1). To the extent the bankruptcy trustee claims an interest in such claims, the ultimate fate of such claims cannot be ascertained without a review of the main bankruptcy proceeding. All of this requires the Court to create a record upon which its decision to allow this plaintiff to proceed (or not to proceed) is based. For that reason, the standing decision will be made based on a factual record.

The need to create a record necessarily brings up a procedural point: which party bears the burden of proof in establishing (or refuting the claim of) the Plaintiff's standing. A factual challenge puts the burden of proof on the plaintiff. Ballentine, supra, 486 F.3d at 810. For the plaintiff to meet that burden, three elements must be established: first, that it has suffered an "injury in fact," meaning a concrete and particularized invasion of a legally protected interest; second, that there exists a "causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court;" and third, that there exists a likelihood "that the injury will be redressed by a favorable decision." Lujan, supra, 504 U.S. at 560-61.

*Oral Argument*

At the hearing, the Plaintiff offered no evidence but was content instead to make three arguments in support of its claim to standing: first, that the dispute here was between the Plaintiff Artesanias, a creditor of the Debtor, and Defendant North Mill, its secured lender, and so did not involve the Debtor; second, that upon the Debtor

company becoming insolvent, the duties which the company's fiduciaries owed to its shareholders extended to its creditors, such as Artesanias; and third, the Plaintiff did not release North Mill from any claim which it might have against it as part of its settlement agreement with the Trustee.³ Tr. Oral Arg., pp. 12-15, 21-23. Both Defendants responded similarly maintaining that upon the bankruptcy filing, the Trustee, and not Artesanias, became the property party to bring these claims. Id., pp. 16-20.

The Court is constrained to agree with the Defendants in this regard. Plaintiff's points fail to persuade because they lack relevance. Even assuming that it can establish the elements of standing, none of its arguments addresses the crux of the dispute: the legal effect of the bankruptcy filing upon the Plaintiff's right to sue. A relatively recent decision from the United States Third Circuit Court of Appeals explains the significance of that event:

> After a company files for bankruptcy, creditors lack standing to assert claims that are property of the [bankruptcy] estate.... The "estate," as defined in the Bankruptcy Code, includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1)). This includes causes of action, which are considered property of the bankruptcy estate if the claim existed at the commencement of the filing and the debtor could have asserted the claim on his own behalf under state law.... *In order for a cause of action to be considered "property of the estate," the claim must be a general one, with no particularized injury arising from it. On the other hand, if the claim is specific to the creditor, it is a personal one and is a legal or equitable interest only of the creditor. A claim for an injury is personal to the creditor if the other creditors generally have no interest in that claim....*

---

³ Plaintiff made a fourth argument at the hearing that went to the state of mind required to plead civil conspiracy. Id., pp. 23-25. What conceivable relevance that issue has on the standing issue was never explained by either party and so need not be addressed here.

4

In re Emoral, Inc., 740 F.3d 875, 879 (3d Cir. 2014) (emphasis added). Whether the complained of injury was sustained solely by Artesanias or was visited upon all of the Debtor's creditors can be determined only after a full review of the record.

*General versus Particular Injury Caused by the Fiduciary Breach*

The harm which Plaintiff is alleged to have suffered is the lost recovery on its claim. The recovery was compromised, Plaintiff maintains, when Mr. Jeffery colluded with North Mill and the Debtor's legal counsel in liquidating of the Debtor's inventory at a below market price. But for this breach of Mr. Jeffery's fiduciary duty,[4] the cause of action goes on, Plaintiff would have received some recovery on its claim.

The Plaintiff, however, is not the only victim of that breach. The Schedules list $1.3 million in unsecured claims. Those creditors would have been similarly harmed by Mr. Jeffery's alleged misfeasance. And it makes no difference that Plaintiff's interest is that of a judgment creditor whose lien has priority.[5] There may simply be a great enough recovery to satisfy Plaintiff and to pay something to the unsecured class.[6] So it is a mischaracterization to portray this is as a dispute involving just two parties (Artesanias on one side and the Defendants on the other).[7] All of the Debtor's creditors were affected by the alleged collusion.

---

[4] At oral argument, Plaintiff pointed out that once a corporation becomes insolvent, the fiduciary duties owed to shareholders extend to its creditors (its second argument). This, however, is not a point in dispute. The Defendants do not contest Plaintiff's legal theory; rather, they challenge its right to bring the suit in the first place.
[5] The Plaintiff's judgment appears to be immune for avoidance as it was entered outside the 90-day preference period. The judgment was entered on April 7, 2016, and the bankruptcy filed on September 26, 2016.
[6] Indeed, the Plaintiff demands not only compensatory damages in the amount of its judgment, but also an equal amount for the punitive damages as well.
[7] See Pacor v. Higgins, 743 F.2d 984, 994–996 (3d Cir.1984) overruled on other grds Things Remembered, Inc., v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).

5

This also was a fact of which Debtor's bankruptcy counsel was aware. In the Debtor's Schedules, the Debtor would list claims against third parties valued at $2.5 million. The Debtor's Schedule A/B describes the claims as follows:

> 74. Causes of action against third parties (whether or not a lawsuit has been filed):
>
> (i) **Claims against Leisawitz** Heller law firm (including, without limitation, claims for malpractice, **conspiracy to breach** fiduciary duties, **aiding and abetting breach** of fiduciary duties, **fraudulent conveyance, conspiracy for fraudulent conveyance**, aiding and abetting fraudulent conveyance, and other relief), for more than $1 million;
>
> (ii) **Claims against North Mill** Capital, LLC (including, without limitation, claims for **conspiracy to breach** fiduciary duties, **aiding and abetting breach** of fiduciary duties; **fraudulent conveyance, conspiracy for fraudulent conveyance**, aiding and abetting fraudulent conveyance, **commercially unreasonable disposition** of assets, fraud, and other relief) for more than $1 million;
>
> (iii) Claims against Gordon Brothers (including, without limitation, fraudulent conveyance and commercially unreasonable disposition of assets) for more than $500,000.

Schedule A/B, Rider appearing after p.4. (emphasis added). Compare this to the 6 counts alleged in the Artesanias First Amended Complaint:

> I – **Aiding and Abetting a Breach** of Fiduciary Duty v. North Mill
>
> II – **Aiding and Abetting a Breach** of Fiduciary Duty v. Leisawitz Heller
>
> III – **Conspiracy to Breach** Fiduciary Duty v. North Mill and Leisawitz
>
> IV – **Fraudulent Transfer** v. North Mill and Leisawitz
>
> V – **Conspiracy for Fraudulent Transfer** v. North Mill and Leisawitz

6

> VI – Conspiracy to Engage in **Commercially Unreasonable Disposition** of Assets v. North Mill and Leisawitz

First Amended Complaint, Adv. No. 17-0197. (emphasis added). The identity of legal claims as between the First Amended Complaint and the Debtor's Schedules is unmistakable. Both the bankruptcy estate and Artesanias, then, make competing claims to ownership of the same causes of action.

### *Trustee's Right to Prosecute Claims against Third Parties*

The inclusion of those claims in the Schedules is based on fundamental principles of bankruptcy law. A leading commentator explains that "[t]he estate created pursuant to § 541 succeeds to any right of action the debtor corporation may have to recover damages for misconduct, mismanagement, or neglect of duty by a corporate officer or director." 5 Collier on Bankruptcy ¶ 541.07[5] (16th ed.) citing Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). Where the estate's claim against a third party is based on a breach of a fiduciary duty, the bankruptcy trustee may bring the action on behalf of the estate. Pepper, supra, 308 U.S. at 307, 60 S.Ct. at 245. Indeed, the trustee is the representative of the bankruptcy estate. 11 U.S.C. § 323(a). For that reason, the trustee has the power to sue. 11 U.S.C. § 323(b). The duty to bring such a claim as this runs with the responsibility to "collect and reduce to money property of the estate." 11 U.S.C. § 704(a)(1). The Chapter 7 Trustee in this case, then, is the proper party to bring suit.

### *Administration of Claims Against North Mill*

That does not mean, however, that the Trustee would necessarily decide to bring

7

suit. Compromise or release of such claims might be in the estate's best interests where circumstances so indicate. In reviewing the Trustee's administration of this estate, it appears that the claims against the Defendant North Mill were resolved as part of the sale of the Debtor's real property. In December 2016, the Trustee moved to sell that property free and clear of liens for $800,000. Case No. 16-16779, Docket # 58. That real property was encumbered both by North Mill's consensual liens ($4.4 million) and Artesanias' judgment lien ($920,000). See Supplemental Motion to Sell, ¶¶ 16-27. The two lienholders disputed whose lien had priority and this mattered because the value of the property ($895,000[8]) was greatly exceeded by the secured claims. Id., ¶ 21. The Trustee concluded that North Mill was in first position (Id., ¶ 18) and reached an accord with both lienholders whereby North Mill would be paid $520,000[9] directly out of the sale proceeds. See id., Ex. "C", Settlement Agreement between North Mill and Trustee, ¶ 9 Distribution of Sale Proceeds; Tr. Hr'g., Jan. 6, 2017, p. 50. The remainder would go to the estate. See Amended Settlement Agreement between Trustee and Artesanias, Docket # 66, p.4, ¶ 1. There, "carve out" payments[10] would be made before further payment to the secured claimants such as Artesanias would be made. Id., pp. 4-5, ¶¶ 2-3. Importantly for present purposes, the Trustee[11] agreed to release North Mill from any and all claims which the Debtor or its estate might have against North Mill. See

---

[8] The value set forth in Debtor's Schedule A.
[9] After payment of school taxes, municipal liens, transfer taxes, and closing costs.
[10] They consisted (1) Trustee's commission (2) professional fees incurred in connection with the sale of the real estate; and (3) a $30,000 cash payment for the allowed unsecured (but not including under-secured, such as Artesanias) creditors.
[11] Because these claims belonged to the Trustee, Artesanias' insistence at the oral argument that it never waived its claims against North Mill is based on a flawed premise; i.e., that it had claims against the lender which it was entitled to compromise. It did not. Once the bankruptcy case was commenced, the Trustee, as representative of the bankruptcy, could either prosecute or settle such claims.

Supplemental Motion to Sell, Ex. "C", Settlement Agreement between North Mill and Trustee, ¶10 Release. The Bankruptcy Court approved this arrangement and the sale of the real estate was consummated. See Order, Docket # 67; Motion for Court Approval of Interim Distribution, Docket # 124, ¶ 7. The effect of that resolution is to have settled the collusion claims against North Mill once and for all. As such, Plaintiff has no standing to sue on those claims and this adversary proceeding must be dismissed as to North Mill.

### *Administration of Claims Against Leisawitz Heller*

That leaves the Plaintiff's claims against Leisawitz Heller, the Debtor's prepetition legal counsel. While those claims were not a part of the resolution between the Trustee and North Mill, they would be dealt with later in the Trustee's administration of the estate. In February 2018, the Trustee filed a Motion for Authority to make an Interim Distribution and to Pay Partial Compensation to Professionals. Case No. 16-16779, Docket # 124. Artesanias objected, but a settlement would be reached in March 2018 which required, among other things, that the Trustee abandon certain claims against specified third parties. Id., Docket # 132, Ex. A, ¶ 8a. That same month, the Trustee filed a Motion to Abandon those claims and responses were filed to it. Id., Docket # 134. In June, a stipulation was reached resolving the Motion and the responses. Id., Docket # 157. The stipulation provided that those claims defined as the "Abandoned Claims"; to wit, the claims against Gordon Bros.,[12] certain affiliates, and the Debtor's principal,

---

[12] The liquidator who purchased the Debtor's inventory at a prepetition sale as more fully described in Adv. Proc. No. 17-0372.

9

Mr. Jeffery, were abandoned; however, the Stipulation specifically provided that the Trustee retained the right to pursue the legal malpractice claims against Leisawitz Heller. Id., Docket # 157, Stipulation and Consent Order Resolving Response to Proposed Abandonment Order, ¶ 1. The Stipulation was approved by the Bankruptcy Court. Id., Docket # 159. That vested standing to sue the Leisawitz firm in the Trustee.[13]

*Summary*

The Chapter 7 Trustee succeeded to the Plaintiff's claims against Defendant North Mill and settled those claims in his administration of the bankruptcy estate. He likewise succeeded to the claims against the Defendant, Leisawitz Heller, but is currently pursuing those claims in a different adversary proceeding. For those reasons, the Court finds that Artesanias lacks standing to sue on these claims and that, as a result, the adversary proceeding must be dismissed.

An appropriate Order follows.

BY THE COURT

Date: December 6, 2018

THE HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

---

[13] Consistent with that ruling, the Trustee retained special counsel to file suit against the Leisawitz firm which adversary proceeding is pending in this court. See Eisenberg, Trustee v. Leisawitz Heller, P.C., et al., Adv. Proc. No. 17-0372.