**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **Wilton Armetale, Inc.,** | : | Case No. 16-16779 (PMM) |
| a/k/a WAPITA, Inc. | : | |
| | : | |
| Debtor. | : | |
| | : | |
| **Artesanias Hacienda Real S.A. de C.V.,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. 17-197 (PMM) |
| | : | |
| **North Mill Capital, LLC,** | : | |
| **Leisawitz Heller,** | : | |
| | : | |
| Defendants. | : | |

# **M E M O R A N D U M**

## I. Introduction

On December 29, 2020, this matter was scheduled for status conference to discuss whether this proceeding should continue before the Bankruptcy Court. Counsel for both the Plaintiff and the Defendants appeared and agreed that this proceeding should be heard in the United States District Court for the Eastern District of Pennsylvania because this Court no longer has "related to" jurisdiction. Pursuant to 28 U.S.C. §157(d) and Federal Rule of Bankruptcy Procedure 5011, I recommend <u>sua sponte</u> that the reference of this proceeding be withdrawn.

## II. Factual and Procedural Background

The Debtor Wilton Armetale, Inc. ("the Debtor") filed a voluntary chapter 7 bankruptcy case on September 26, 2016.

1

This adversary proceeding originated in the United District Court for the Eastern District of Pennsylvania ("the District Court") at Case No. 16-CV-4197. On August 2, 2016, the Plaintiff Artesanias Hacienda Real S.A. de C.V. ("the Plaintiff or AHR") filed a complaint based upon diversity jurisdiction alleging various common law frauds against the Debtor's secured lender, North Mill Capital, LLC and the Debtor's legal counsel, Leisawitz Heller (collectively, "the Defendants") in connection with the liquidation of the Debtor's inventory. AHR filed an Amended Complaint on January 3, 2017, which asserts claims for aiding and abetting breach of fiduciary duties, conspiracy to breach fiduciary duties, conspiracy for fraudulent transfer, and conspiracy to engage in the commercially unreasonable disposition of assets. See Case No. 16-CV4197, Doc. # 38. The Defendants moved to dismiss the Amended Complaint asserting inter alia, the issue of standing to bring the state court causes of action. See id., Doc. #'s 65 & 66.

Subsequently, based on 28 U.S.C. §157(b), the District Court transferred the case on July 12, 2017, finding that the counts in the Amended Complaint seeking to avoid and recover fraudulent conveyances are core proceedings, and at minimum, the case is related to the bankruptcy case. See A17-197, Doc. # 1. Thus, when this matter was referred to this Court for disposition, the issue of standing was still pending. My predecessor in this proceeding, the Honorable Jean K. Fitz Simon, dismissed the Amended Complaint based upon the lack of standing on December 6, 2018. A17-197, Doc. #'s 39 & 40. AHR appealed and the District Court affirmed on August 8, 2019. See Artesanias Hacienda Real S.A. de C.V. v. North Mill Capital LLC, 607 B.R. 189 (E.D. Pa. 2019). AHR further appealed to the Court of Appeals for the Third Circuit. See Case No. 19-2907. The Third Circuit reversed the December 8, 2018 Order dismissing for lack of subject matter jurisdiction and remanded the case for proceedings

consistent with its opinion. In re Wilton Armetale, Inc., 968 F.3d 273 (3d Cir. 2020). The proceeding has now made its way back to this Court.

### III.  Discussion

#### A.

Traditional bankruptcy jurisdiction is derived from 28 U.S.C. §1334 and is vested in the district court. The district court has "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(a) and (b).

The district court is permitted to refer all cases and proceedings to the bankruptcy court pursuant to 28 U.S.C. §157(a). It provides:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. §157(a). In this district, bankruptcy cases are routinely referred to the bankruptcy court pursuant to the July 25, 1984 Eastern District of Pennsylvania Bankruptcy Administrative Order (as amended on November 8, 1990).

The bankruptcy court's jurisdiction is comprised of four (4) types of matters: "(1) cases under title 11, (2) proceeding arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11." Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.), 372 F.3d 154, 162 (3d Cir. 2004) (citing Torkelsen v. Maggio (In re Guild & Gallery Plus), 72 F.3d 1171, 1175 (3d Cir. 1996) and quoting In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 264 (3d Cir. 1991)).

A proceeding is said to be "related to" the bankruptcy case if the outcome of the proceeding has some effect on the bankruptcy estate. See In re Am. Cmty. Servs., Inc., 86 B.R. 681, 684 n. 5 (D. Utah 1988) ("Related proceedings are those civil proceedings that, in the absence of bankruptcy, could have been brought in a district court or state court."). As the Third Circuit stated in Pacor, Inc. v. Higgins,

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. … [T]he proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

743 F.2d 984, 994 (3d Cir. 1984). However, even though "related to" jurisdiction is broad, it is not "limitless." See Celotex Corp. v. Edwards, 514 U.S. 300, 308, 115 S. Ct. 1493, 1499, 131 (1995). For instance, "[j]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist." Pacor, 743 F.2d at 994.

Furthermore, "related to" jurisdiction can "lapse when a proceeding no longer affects property of the estate." Tesler v. Certain Underwriters at Lloyd's London (In re Spree.com Corp.), 295 B.R. 762, 768 (Bankr. E.D. Pa. 2003) (citing In re Hall's Motor Transit Co., 889 F.2d 520 (3d Cir. 1989)). Frequently due to the passage of time and developments in the bankruptcy case, a proceeding may no longer be "related to" the bankruptcy case. See, e.g., City of Phila. v. Blaylock (In re Blaylock), 394 B.R. 359, 368 (Bankr. E.D. Pa. 2008).

At the outset, this adversary proceeding – a dispute involving only non-Debtor parties – was "related to" the main bankruptcy case. Indeed, the District Court determined on appeal, that

"'related to,' but not core, bankruptcy jurisdiction exists over [AHR's] claims, because although the claims do not arise under the bankruptcy code or exist only in the bankruptcy context, their outcome could nevertheless have a conceivable effect on the estate." Artesanias Hacienda Real S.A. de C.V. v. N. Mill Capital LLC, 607 B.R. 189, 193 (E.D. Pa. 2019), vacated and remanded sub nom. In re Wilton Armetale, Inc., 968 F.3d 273 (3d Cir. 2020).

However, based on the current circumstances of the Wilton Armetale bankruptcy proceeding, I find that "related to jurisdiction" has, in fact, lapsed. The Chapter 7 Trustee has abandoned any interest that the estate had in the outcome of the North Mills matter. See Bky. No. 16-16779, Doc. # 159 (Order dated June 6, 2018 Approving Stipulation). Moreover, the Chapter 7 Trustee filed a Final Account, Certification that the Estate has been Fully Administered, and an Application to be Discharged on December 16, 2020. Bky. No. 16-16779, Doc. # 237. I approved the Trustee's Report and discharged the Trustee on January 8, 2021. Id., Doc. # 244. Accordingly, this adversary proceeding between non-debtor parties no longer has any bearing on the bankruptcy estate. Furthermore, the parties to this proceeding have agreed that this case should go forward before the District Court.

**B.**

Section §157(d) of title 28 governs the procedure for withdrawal of the reference. It permits the district court "on its own motion or on timely motion of any party" to withdraw any case or proceeding referred to the bankruptcy court "for cause shown." 28 U.S.C. §157(d); J.A. Besteman Co. v. Carter's, Inc., 2007 U.S. Dist. LEXIS 77463, at *1-3 (W.D. Mich. Oct. 18, 2007). Thus, section 157(d) allows the District Court to sua sponte withdraw the reference. In re Pruitt, 910 F.2d 1160, 1163 (3d Cir. 1990); In re G. Weeks Secur., Inc., 89 B.R. 697, 716 (Bankr.

W.D. Tenn. 1988).  As a corollary principle, a bankruptcy court has the authority to issue <u>sua sponte</u> a report and recommendation on withdrawal of the reference.  See <u>AmeriWest Bank v. Starbuck Bancshares Inc. (In re AmericanWest Bancorporation)</u>, 2012 U.S. Dist. LEXIS 13350 (E.D. Wash. Feb. 3, 2012); <u>J.A. Besteman Co. v. Carter's, Inc.</u>, 2007 U.S. Dist. LEXIS 77463 (W.D. Mich. Oct. 18, 2007); <u>Plains Mktg., L.P. v. Coffey (In re Vince Myers Welding & Constr., Inc.)</u>, 2019 Bankr. LEXIS 1216, at *2 (Bankr. W.D. Okla. Apr. 10, 2019); <u>In re Moody</u>, 64 B.R. 594 (Bankr. S.D. Tex. 1986).

In <u>Pruitt</u>, the Third Circuit has expressed several factors to consider in determining whether cause has been established: "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." <u>Pruitt</u>, 910 F.2d at 1168.  Here, the Bankruptcy Court no longer has "related to" jurisdiction over this adversary proceeding.  Therefore, I submit that cause exists for the reference be withdrawn, pursuant to 28 U.S.C. §157(d) and Federal Rule of Bankruptcy Procedure 5011.  See <u>In re Heller Ehrman LLP</u>, 464 B.R. 348, 351 (N.D. Cal. 2011) ("Clearly, good cause for withdrawal would be the absence of jurisdiction to adjudicate the action.").

The bankruptcy court cannot make a final determination with respect to withdrawal of the reference of this adversary proceeding from the bankruptcy court to the district court.  See <u>Plains Mktg., L.P. v. Coffey (In re Vince Myers Welding & Constr., Inc.)</u>, 2019 Bankr. LEXIS 1216, at *2 (Bankr. W.D. Okla. Apr. 10, 2019).  This matter must, therefore, be presented to the District Court for consideration.  See Fed. R. Bankr. P. 5011(a) ("A motion for withdrawal of a case or proceeding shall be heard by a district judge."); <u>Reding v. Gallagher (In re Childs)</u>, 342 B.R.

823, 830 (M.D. Ala. 2006) (finding "only the district court is empowered to withdraw the reference").

## IV. Conclusion

Based upon 28 U.S.C. §157(d), the District Court is authorized to withdraw the reference of this adversary proceeding. In light of the absence of any substantive relationship to the Wilton bankruptcy case and the lapse of jurisdiction over this proceeding, withdrawal of the reference is at least permissive, if not mandatory. Accordingly, I will issue a Report and Recommendation to the District Court requesting the reference of this proceeding be withdrawn.

**Dated: February 11 , 2021**

*Patricia M. Mayer*
**PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE**